**Date Signed:**
**January 27, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Honolulu Spine Center, LLC,<br><br>      Debtor and<br>      Debtor-in-possession. | Case No. 24-01110<br>(Chapter 11)<br><br><u>Confirmation Hearing</u><br>Date:   December 8, 2025<br>Time:   2:00 p.m.<br>Judge:  Hon. Robert J. Faris |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
<u>ORDER CONFIRMING CHAPTER 11 PLAN</u>**

A hearing to confirm the *First Amended Plan of Reorganization for Debtor Dated September 2, 2025* (the "Plan"),[1] filed by Honolulu Spine Center, LLC, the debtor and debtor-in-possession (the "Debtor") was held on December 8, 2025, at 2:00 p.m. ("Confirmation Hearing"), before the Honorable Robert J. Faris, United

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii. Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### Filing of Petition and Judicial Notice

1. The Debtor commenced this Chapter 11 Case by filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 6, 2024 in this Court.

2. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Case.

3. The Debtor owns and operates an ambulatory surgery center at the Waterfront Plaza, where the debtor leases approximately 10,974 square feet of space from Waterfront Plaza, LLC pursuant to a lease that expires April 20, 2028.

4. Excel Surgery Center Honolulu, LLC ("ESCH") manages the Debtor pursuant to an Ambulatory Surgical Center License and Management Services Agreement dated February 21, 2024.

5. On December 19, 2024, the Office of the United States Trustee (the "UST") appointed a three-member Official Committee of Unsecured Creditors (the "Committee") consisting of Nitra, Inc., Solco Biomedical Corporation, and Intrinsic Therapeutics, Inc. *See* dkt. # 27. The Committee retained Susan Tius of Rush Moore LLP as counsel. *See* dkt. # 44.

6. On April 4, 2025, the Debtor filed a *Motion to Assume Non-Residential Lease and Storage License* ("Lease Assumption Motion") to assume its lease and storage license with Waterfront Plaza, LLC. On April 27, 2025, the Bankruptcy Court entered an *Order Granting [the Lease Assumption Motion]*.

### Approval of Disclosure Statement, Transmittal of Solicitation Materials, and Good Faith Solicitation

7. At a status conference in this case on August 4, 2025, the Court set a deadline of September 2, 2025 for the Debtor to file its Plan and Disclosure Statement. See dkt. # 81.

8. The Committee was reconstituted on August 22, 2025, when the UST amended the appointment and appointed Boston Scientific Corporation after Nitra, Inc., and Solco Biomedical Corporation resigned. *See* dkt. # 94.

9. On September 2, 2025, the Debtor filed its *Plan of Reorganization for Debtor dated September 2, 2025* (the "First Plan"), together with a *Disclosure Statement for [the First Plan]*. *See* dkt. ## 97, 98.

10. On September 2, 2025, the Debtor filed its *Motion for Order Approving Disclosure Statement for [the First Plan], and Balloting Procedures and Scheduling Deadlines*. *See* dkt. # 99.

11. On September 29, 2025, the Debtor filed its *First Amended Joint Chapter 11 Plan* (the "Plan"), together with a proposed *Disclosure Statement for [the Plan]* (the "Disclosure Statement").

12. On October 15, 2025, the Court entered an *Order Approving [the Disclosure Statement] as Containing Adequate Information and Scheduling a Confirmation Hearing and Setting Deadlines* (the "Solicitation Order") whereby the Court (a) approved the Disclosure Statement portion of the Plan as containing

adequate information, (b) established December 8, 2025, as the date for the Confirmation Hearing, (c) established procedures for soliciting and tabulating votes with respect to the Plan, and (d) established procedures governing the Confirmation Hearing.

13. In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest by the Debtor: (a) the Disclosure Statement and Plan; (b) notice of the Confirmation Hearing; and (c) with respect to those holders of claims or interests in classes entitled to vote under the Plan, a Ballot. All of said documents were transmitted to the appropriate parties on or before October 20, 2025, as required by the Solicitation Order. *See* dkt. # 126 (certificate of service).

14. Service of the Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

15. Based on the record before the Court in the Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their

respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

### Responses to Plan, and Tabulation

16. On November 18, 2025, the Committee filed its statement and took no position on whether General Unsecured Creditors should vote on the Plan. The Committee noted that "[t]he General Unsecured Creditors in this case are sophisticate entities, including the largest creditors who are in some instances multi-million dollar companies, and many of which are in the medical supply and equipment business." *See* dkt. # 121.

17. On November 20, 2025, the Department of Taxation, State of Hawaii ("DoTax") filed its statement of position in which DoTax objected to plan confirmation on the basis that certain State of Hawaii tax returns were not filed. *See* dkt. # 123.

18. On December 1, 2025, the Debtor filed its (1) *Confirmation Brief for the Debtor's Plan of Reorganization*; and (2) the *Declaration of Louis DiMartini in Support of Confirmation of Debtor's Plan of Reorganization*. *See* dkt. ## 127, 128.

19. On December 1, 2025, the Debtor filed the *Declaration of Allison A. Ito relating to Voting Tabulation*, attesting and certifying the method and results of

U.S. Bankruptcy Court - Hawaii    #24-01110    Dkt # 135    Filed 01/27/26    Page 6 of 19

the ballot tabulation ("Ballot Tabulation") for the Classes of Claims entitled to vote to accept or reject the Plan.  *See* dkt. # 129.

20. Votes to accept and reject the Plan were solicited from creditors holding Claims in impaired Classes 1 and 2. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and past and present practice before the Court.

21. The Ballot Tabulation establishes that each of Classes 1 and 2 voted in favor of Confirmation of the Plan.

22. At the Confirmation Hearing, counsel to DoTax withdrew its objection to confirmation of the Plan.

23. In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are presumed to have accepted the modifications contained in the Plan.  No Holder of a Claim or Equity Interest shall be permitted to change its vote as a consequence of any such modifications.

24. To the extent not resolved or withdrawn, all objections to the Confirmation of the Plan are overruled in all respects.

## Bankruptcy Code Requirements for Confirmation

25. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates two (2) Classes of Claims and one (1) Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

26. The Plan designates that Classes 1 and 2 are impaired and specifies the treatment of Claims in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code. Class 3 is deemed to accept the Plan as holders of Class 3 Interests are allowed to retain their Allowed Equity Interests in the Debtor under the Plan.

27. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 1 and 2. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

28. As set forth in the Ballot Tabulation, Classes 1 and 2 voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

## Treatment of Claims

29. The holder of the Allowed Secured Claim of Central Pacific Bank (Class 1) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims. The Treatment of Class 1 is fair and equitable and does not unfairly discriminate against said Class.

30. The Holders of Allowed General Unsecured Claims (Class 2) will receive more than they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, Holders of Allowed General Unsecured Claims said Class would receive between 0 to 2.087%. Under the Plan, Class 2 creditors will receive a Pro Rata share of $500,000.00 (or approximately 9.8%). As a result, Holders of Allowed Claims in Class 2 will receive more under the Plan than in a case under chapter 7.

## Equity Interests

31. Allowed Equity Interests in Class 3 will retain their Equity Interests under the Plan.

32. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

33. The Plan provides adequate and proper means for the Plan's implementation through the New Value Contribution.

34. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan.

35. All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

36. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

37. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

38. This Court has jurisdiction over these Chapter 11 Cases, pursuant to Sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

## Compliance With Section 1129(a)(1)

39. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

   (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying Sections 1122 and 1123(a)(1) of the Bankruptcy Code;

   (b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

   (c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

   (d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

   (e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

   (f) Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor or the Plan;

(g) The Debtor has disclosed the identities of the managers and the entity providing management services for the Debtor post-confirmation, consistent with the interests of creditors, equity holders, and public policy in accordance with Section 1123(a)(7) of the Bankruptcy Code;

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtor submitting it as the plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

## Compliance With Section 1129(a)(2)

40. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

### Compliance With Section 1129(a)(3)

41. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate.

42. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

### Compliance With Section 1129(a)(4)

43. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

### Compliance With Section 1129(a)(5)

44. The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code. The identity of the individual who will serve as the Manager of the Debtor post-confirmation has been fully disclosed. The appointment to, or continuance in,

- 13 -

U.S. Bankruptcy Court - Hawaii   #24-01110   Dkt # 135   Filed 01/27/26   Page 13 of 19

such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by the Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

### Compliance With Section 1129(a)(6)

45. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

### Compliance With Section 1129(a)(7)

46. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Compliance With Section 1129(a)(8)

47. Classes 1 and 2 are impaired under the Plan and have voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code.

48. Moreover, the Allowed Equity Interests contributed "new value" to the Debtor in the form of the New Value Contribution, among other things, that is (i) new, (ii) substantial, (iii) money or money's worth, and (iv) necessary for the Debtor's successful reorganization.

49. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

**Compliance With Section 1129(a)(9)**

50. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

**Compliance With Section 1129(a)(10)**

51. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

**Compliance With Section 1129(a)(11)**

52. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

### Compliance With Section 1129(a)(12)

53. All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

### Compliance With Section 1129(a)(13)

54. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

### Other Matters

55. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

56. The release, injunction, and exculpation provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of

the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

57. The information contained in the Plan and Disclosure Statement contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

58. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

59. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

60. The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

61. Pursuant to Section 1146(c) of the Bankruptcy Code: (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax,

conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

62. In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

63. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

64. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email:  cchoi@hibklaw.com;
aito@hibklaw.com

Counsel for Debtor and
Debtor-in-Possession